# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 19-0268V
UNPUBLISHED

| | |
|---|---|
| STACY SHELTON,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: July 2, 2020<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Concession;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Shealene Priscilla Mancuso*, Muller Brazil, LLP, Dresher, PA, for petitioner.

*Jennifer Leigh Reynaud*, U.S. Department of Justice, Washington, DC, for respondent.

**RULING ON ENTITLEMENT**[1]

On February 19, 2019, Stacy Shelton filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered left shoulder injuries as a result of an influenza ("flu") vaccine received on November 11, 2016. Petition at 1. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On July 1, 2020, Respondent filed his Rule 4(c) report in which he concedes that Petitioner is entitled to compensation in this case. Respondent's Rule 4(c) Report at 1. Specifically, Respondent agrees that Petitioner's injury is consistent with a shoulder injury related to vaccine administration ("SIRVA") as defined on the Vaccine Injury Table. Respondent agrees that "petitioner had no history of pain, inflammation, or dysfunction of

---

[1] Because this unpublished ruling contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the ruling will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

her left shoulder; medical records document that her shoulder pain occurred within 48 hours after vaccination; her pain was limited to the shoulder in which the vaccine was administered; and no other condition or abnormality had been identified to explain petitioner's shoulder pain." *Id.* at 10.  Respondent further agrees that Petitioner suffered the residual effects of her condition for more than six months and has met all legal prerequisites for compensation under the Act.  *Id.*

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master